## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ARTURO HERNÁNDEZ AKA KING ARTHUR,** | |
| **Plaintiff,** | |
| **v.** | **Civ. Action No. _____** |
| **CHRISTOPHER JONES DBA KING ARTHUR,** | |
| **Defendant.** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Arturo Hernández aka "KING ARTHUR" ("Plaintiff"), by and through the undersigned counsel, alleges the claims set forth in this Complaint against Defendant Christopher Jones DBA "KING ARTHUR" ("Defendant").

## NATURE OF THE ACTION

1.     This action arises out of Defendant's false, deceptive and misleading marketing, distribution, offering for sale and sale of services in a manner that infringes upon the rights Plaintiff has in and to his KING ARTHUR trademark and identity, and that competes unfairly in the marketplace with Plaintiff's services, thereby inflicting substantial injury to Plaintiff. Defendant's willful and intentional unauthorized use of the KING ARTHUR trademark, which is a colorable imitation of the trademark and identity long used by Plaintiff in connection with the distribution, marketing and sale of his KING ARTHUR services, is done in a manner to imply, deceptively and confusingly, that the services which Defendant markets, distributes and offers for sale are in some way associated with, licensed by or otherwise authorized or sponsored by Plaintiff, which is untrue.

## JURISDICTION AND PROPER VENUE

2.      This action arises under the Trademark Act of 1946, the Lanham Act, (15 U.S.C.A. §§ 1051 *et seq*.), and particularly under Sections 32, 34, 35 and 43(a) of the Act (15 U.S.C.A. §§ 1114, 1116, 1117 and 1125(a), as more fully appears in this Complaint. This United States District Court for the Middle District of Florida has jurisdiction under Section 39 of the Lanham Act (15 U.S.C.A. § 1121) (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. 1338(b) (pendent unfair competition claims).

3.      This Court has supplemental jurisdiction over all state law and common law claims in the civil action pursuant to 28 U.S.C. § 1367 because the state or common law claims are so related to claims over which this court has original jurisdiction that the state law and common law claims form part of the same case or controversy under Article III of the United States Constitution.

4.      This Court has personal jurisdiction over Defendant because, among other things, Defendant has purposefully availed himself of the benefits and protections of Florida law by doing and transacting business in this forum, including but not limited to, by performing services at an event in Orlando, Florida on April 14, 2018.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claim occurred in this judicial district.

6.      By this action, Plaintiff seeks damages and preliminary injunctive relief pursuant to Sections 32, 34, 35, 36, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1118 and 1125(a), applicable Florida State Law, as well as Common Law.

## PARTIES

7.      Plaintiff is an individual of legal age and an engineer and entertainer with an address in Puerto Nuevo, San Juan, Puerto Rico 00920.

8.    Defendant is an individual of legal age whose address is, upon information and belief, 11879 Promontory Trail, Zionsville, Indiana 46077.

## FACTUAL BACKGROUND

9.    Plaintiff is an individual who for many years, and certainly long before the acts of infringement that are the subject of this Complaint, has been engaged in the entertainment industry offering disc jockey services in connection with the stage name and trademark KING ARTHUR.

10.    The KING ARTHUR trademark has been in continuous use in United States commerce since at least as early as November 23, 2009. Through the continuous use of the KING ARTHUR mark in the United States in connection with disc jockey services, live performances, live music concerts, live disc jockey concerts and live artistic performances, as well as music production services and production of musical sound recordings, the KING ARTHUR trademark has acquired a high degree of national exposure and goodwill associated with Plaintiff.

11.    Plaintiff is the owner of U.S. Trademark Registration No. 5,135,400 (the "'400 Registration") for the mark KING ARTHUR for the following services in Class 41: "Entertainment services, namely, disc jockey services; Entertainment services, namely, live performances and personal appearances by a costumed character at private parties, exhibitions, concerts, and special events; Entertainment services, namely, televised appearances by a costumed character; entertainment services featuring live performances by an individual in a costume of a robot; live music concerts, live disc jockey concerts, and live artistic performances featuring an individual in a costume of a robot; entertainment services, namely, personal appearances by an entertainer; entertainment services, namely, live stage shows featuring an individual in a costume of a robot performing live disc jockey concerts; music production services; Entertainment services by a

musical artist and producer, namely, musical composition for others and production of musical sound recordings."

12.    The application that matured into the '400 Registration was filed with the United States Patent & Trademark Office ("USPTO") on October 30, 2015 and the registration issued on February 07, 2017.

13.    The application that matured into the '400 Registration was filed under Section 1(a) of the Lanham Act and states that Plaintiff first used his KING ARTHUR mark anywhere and in commerce on November 23, 2009.

14.    The '400 Registration is valid, subsisting, and unrevoked, and is prima facie evidence of Plaintiff's exclusive right to use the KING ARTHUR trademark in commerce in connection with the services specified in the registration. A printout of this registration from the U.S. Patent and Trademark Office trademark database is attached as Exhibit A.

15.    As a result of Plaintiff's marketing, advertising and promotion of his KING ARTHUR trademark, and as a result of his widespread use and the consuming public's acceptance of it, Plaintiff's services have come to be, and now are, well and favorably known to the public under the KING ARTHUR mark.

16.    Since 2009, Plaintiff has invested significant time, effort, money and resources to advertise and promote his KING ARTHUR mark and identity.

17.    Since 2009 to the present, Plaintiff has spent in excess of one hundred thousand dollars ($100,000.00) in developing, advertising and promoting his KING ARTHUR trademark in various media, including in ads and articles in newspapers and on television and the Internet, among other places.

18.    As a result of the significant time, money and resources invested, and that continue to be invested in the marketing, advertising and promotion of the KING ARTHUR services, Plaintiff has experienced significant revenues in connection with services offered under the KING ARTHUR mark. This, in turn, has caused the KING ARTHUR name and mark to become a distinctive symbol of source, which stands for the quality and reputation of Plaintiff and his services. Accordingly, the KING ARTHUR trademark has built up a substantial commercial reputation and incalculable associated goodwill giving it an added brand value that belongs exclusively to Plaintiff.

19.    Plaintiff considers his KING ARTHUR name, mark and identity to be among his most valuable assets.

20.    Plaintiff has been showcased in the media numerous times under and in connection with his stage name and mark KING ARTHUR.

21.    Plaintiff has appeared in many newspaper and magazine articles and on many television shows (including appearances on Univisión and Sábado Gigante).

22.    Plaintiff also has been showcased numerous times in various social media and on the Internet, including on Facebook, YouTube, Twitter, Instagram, Resident Advisor, Vine, Periscope, Snapchat, Beatport, SoundCloud, Insomniac, and Plaintiff's own website at <kingarthurpr.com>.

23.    Plaintiff performs an average of one hundred events each year. Such events include private events like weddings, fund raisers and parties. They also include corporate events for clients such as Ford, AT&T, Univisión, Coors Light, Medalla Light, Taco Bell, Dentyne Ice, Banana Republic, Moet, Porsche, Heineken, Audi, and Corona, among many others.

24.    Plaintiff also has appeared at numerous famous events such as the Latin Grammys in Las Vegas, the Latin Billboards in Miami, Premios Juventud in Miami, Electric Daisy Carnival, and Belleza Latina Fashion Show.

25.    In addition, Plaintiff has performed in numerous concerts with renowned artists such as Ricky Martin, Wisin & Yandel, Pitbull, Chris Brown, JLo, Prince Royce, Enrique Iglesias, Sean Kingstone, T-Pain, 50 Cent, Daddy Yankee, Kaskade, R3hab, Thomas Gold, Datsik, Nervo, Steve Aoki, Kryoman, Bassjackers and Deorro.

26.    Like Plaintiff, Defendant offers for sale, promotes, and/or markets entertainment services under the name and mark KING ARTHUR. Such services include but are not limited to disc jockey services, live performances, live music concerts, live disc jockey concerts and live artistic performances as well as music production services and production of musical sound recordings.

27.    On April 14, 2018, Defendant performed at an event in Orlando, Florida where he provided disc jockey services under the stage name and mark KING ARTHUR.

28.    Both Plaintiff and Defendant are music performers in the Dance/Electronic genre.

29.    Both Plaintiff and Defendant offer their services to the same prospective audience and customers.

30.    Plaintiff has performed in multiple cities within the State of Florida, including in venues such as: Silver Spurs Arena in Kissimmee; Beacham Night Club, Venue 578 and Ono Night Club in Orlando; and the Green Gator and Shepard Nightclub in Tampa.

31.    Plaintiff has also performed in events such as the Orlando Strong concert, Las Justas in Orlando, and the Latin Billboards and Premios Juventud, both hosted in Miami.

32.    Defendant also promotes his goods and services, namely, entertainment services, live disk jockey performances, music production and musical compositions, on the Internet through various websites and social media platforms. This includes many of the same sites and platforms on which Plaintiff promotes his goods and services.

33.    Defendant has created social media profiles using the name and mark KING ARTHUR on Facebook, Twitter, Instagram, SoundCloud and Mixcloud.

34.    Defendant also has used the KING ARTHUR mark on various streaming platforms such as YouTube and Spotify.

35.    A trademark registration certificate serves as nationwide publication of a trademark, which means that anyone and everyone may be able to know whether a trademark is available to the public or if it has been registered and is currently being used by a third party. Therefore, because Plaintiff has a registered trademark in the USPTO, Defendant knew or should have known about Plaintiff's use of and rights to the KING ARTHUR trademark.

36.    Defendant also was well aware of Plaintiff's rights in the United States in and to the KING ARTHUR trademark and the existence of the '400 Registration at or around the time of the acts alleged herein. This is proven by the fact that on September 4, 2016, Defendant filed a Request for an Extension of Time to oppose Plaintiff's then-pending application for the mark KING ARTHUR. Defendant also filed a second Request for an Extension of Time to oppose Plaintiff's then-pending application on December 5, 2016. Though Defendant's first request was automatically granted as a matter of course, his second request was denied when he failed to show extraordinary circumstances.

37.    Defendant's express knowledge of Plaintiff and his rights to and use of the KING ARTHUR mark is further demonstrated by Defendant's receipt of a November 19, 2015 cease and

desist letter sent by Plaintiff's legal counsel. Despite such express notice, Defendant has continued to use a mark that is identical to Plaintiff's KING ARTHUR name and mark.

## FIRST CAUSE OF ACTION

### (Trademark Infringement in Violation of 15 U.S.C. § 1114 / Lanham Act § 32)

38.    Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

39.    Plaintiff is the lawful exclusive owner of the KING ARTHUR trademark, given his use of the mark since at least as early as November 23, 2009.

40.    Plaintiff owns the '400 Registration for the mark KING ARTHUR. This registration is valid, subsisting, and unrevoked, and is prima facie evidence of Plaintiff's exclusive right to use the KING ARTHUR trademark in commerce in connection with the services specified in the registration.

41.    Defendant is infringing Plaintiff's exclusive right to use the KING ARTHUR mark in connection with the services specified in the registration by performing and providing identical or similar services under the stage name and mark KING ARTHUR.

42.    This use is likely to cause confusion because Defendant is using a trademark that is identical to the KING ARTHUR mark used and registered by Plaintiff for and in connection with identical services.

43.    Defendant's use of the KING ARTHUR trademark is designed to deceive and mislead consumers into believing that they are receiving the same services offered and sold by Plaintiff for the past nine (9) years when, in reality, consumers are receiving another service, which is in no way related to or affiliated with Plaintiff.

44.    The likelihood of confusion is further increased because the services sold under the KING ARTHUR trademark by both parties are identical and because Defendant is using the same channels of trade and advertisement and aiming to attract the same prospective customers.

45.    Defendant has advertised, and is currently advertising his services through social media, such as Facebook, Instagram and Twitter, under the name and mark KING ARTHUR. Since Plaintiff has his own social media pages, which he uses to advertise his services and connect with fans, this serves as further proof that Defendant is aiming to attract the same costumers via the same channels of trade and advertisement, and to benefit from Plaintiff's goodwill.

46.    Defendant's acts, as alleged, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury to the public and to Plaintiff's business reputation and goodwill.

47.    Plaintiff's KING ARTHUR is federally registered and thus, Defendant's use without leave or license of a colorable imitation thereof via the KING ARTHUR Trademark constitutes trademark Infringement, pursuant to Section 32 of the Lanham Act, 15 U.S.C.A. § 1114.

48.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his business reputation and goodwill. Defendant will continue, unless restrained, to use a mark that is identical to Plaintiff's KING ARTHUR mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, his officers, agents, and employees, and all persons acting on behalf of and/or in concert with Defendant, from engaging in further acts of trademark

infringement. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from his unlawful conduct.

49.    Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement.

50.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of his wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of his acts of trademark infringement.

51.    Defendant's acts are willful and intentional, as Defendant knew of Plaintiff and his trademark since before the acts of infringement. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (False Designation of Origin, Passing Off and Unfair Competition Under 15 U.S.C. § 1125(a) / Lanham Act §43(a))

52.    Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

53.    In spite of Plaintiff's rights and prior use of the KING ARTHUR mark and with prior knowledge thereof, Defendant has willfully adopted and is willfully using a mark identical to Plaintiff's registered trademark in connection with the offering for sale and distribution of the same type of services, namely disc jockey services, live performances, live music concerts, live disc

jockey concerts and live artistic performances as well as music production services and production of musical sound recordings.

54.     The adoption and use in commerce by Defendant of Plaintiff's KING ARTHUR mark is without permission, leave or authority from Plaintiff.

55.     Defendant is willfully and intentionally using a misleading trademark, which is likely to cause confusion, mistake and/or deceit as to the affiliation, connection, and/or association of Defendant with Plaintiff and/or his KING ARTHUR trademark, in violation of 15 U.S.C.§1125(a).

56.     By the same token, Defendant is willfully and intentionally using a misleading mark, which is likely to cause confusion, mistake and/or deceit as to the sponsorship, origin and/or approval of his services and/or commercial activities by Plaintiff, also in violation of 15 U.S.C.§1125(a).

57.     Defendant's willful and intentional use of the KING ARTHUR trademark in connection with Defendant's services is likely to cause confusion or mistake or to deceive purchasers as to the quality of the products and the source of origin of such products.

58.     The adoption by Defendant of the mark KING ARTHUR is intended to capitalize on the visibility, commercial impression and consumer recognition of Plaintiff's trademark in order to convey the notion that Defendant's services are made or sponsored by, or affiliated or somehow associated with, Plaintiff.

59.     By using a name and mark identical to Plaintiff's name and mark, Defendant is creating the false and misleading impression that his services originate from or are affiliated, connected, or associated with Plaintiff.

60.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his business reputation and goodwill. Defendant will continue, unless restrained, to use a mark that is identical to Plaintiff's KING

ARTHUR mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, his officers, agents, and employees, and all persons acting on behalf of and/or in concert with Defendant, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from his unlawful conduct.

61.    Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement.

62.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of his wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of his acts of trademark infringement.

63.    Defendant's acts are willful and intentional, as Defendant knew of Plaintiff and his trademark since before the acts of infringement. As a result, Plaintiff is entitled to an award of enhanced damages under 15 U.S.C. § 1117.

64.    Plaintiff is entitled to preliminary injunctive relief to prevent Defendant from using the KING ARTHUR trademark in connection with the services identified in US Registration 5,135,400 and or any other confusingly similar services, and to recover damages, profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

## **THIRD CAUSE OF ACTION**

### **(Common Law Trademark Infringement and Unfair Competition)**

65.     Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

66.     As a result of Plaintiff's extensive and continuous use of the KING ARTHUR mark in connection with identical services, consumers have come to recognize and identify Plaintiff's KING ARTHUR mark with Plaintiff. This, in turn, has established extensive goodwill in Plaintiff's KING ARTHUR mark.

67.     Defendant has used and continues to use in commerce, without Plaintiff's consent, a mark that so resembles Plaintiff's mark that it is likely to cause confusion with respect to the source and origin of Defendant's goods and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendant and/or the marketing or sale of their products.

68.     Defendant's use of a mark that is identical to Plaintiff's KING ARTHUR mark induces prospective purchasers and others to believe, contrary to the fact, that the services sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with, Plaintiff.

69.     Defendant's unauthorized use of a mark that is identical to Plaintiff's KING ARTHUR mark constitutes trademark infringement and unfair competition under the common law.

70.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his business reputation and goodwill. Defendant will continue, unless restrained, to use a mark that is identical to Plaintiff's KING ARTHUR mark and will cause irreparable damage to Plaintiff, including diversion of customers,

loss of sales and loss of profits. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, his officers, agents, and employees, and all persons acting on behalf of and/or in concert with Defendant, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from his unlawful conduct.

71.    Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to suffer by reason of Defendant's acts of trademark infringement.

72.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of his wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of his acts of trademark infringement.

## **FOURTH CAUSE OF ACTION**

### **(Trademark Counterfeiting Under 15 U.S.C. § 1114 / Lanham Act § 32)**

73.    Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

74.    The Lanham Act defines a counterfeit mark as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

75.    Defendant, intentionally and without authorization from Plaintiff, has used and is continuing to use a counterfeit mark or spurious designation that is identical to, or substantially indistinguishable from, Plaintiff's registered KING ARTHUR mark.

76.     Plaintiff owns the '400 Registration for his KING ARTHUR trademark, and that registration is valid, subsisting, and unrevoked.

77.     The services offered by Defendant under and in connection with his KING ARTHUR mark are identical to some if not all of the services in the '400 Registration owned by Plaintiff.

78.     Defendant's use of the KING ARTHUR trademark is without Plaintiff's authorization and in complete disregard of Plaintiff's previously-sent cease and desist letter.

79.     Defendant's knowledge of Plaintiff's trademark registration and intent are further proven by the fact that Defendant filed two requests for extension of time to oppose Plaintiff's trademark registration.

80.     In spite of Plaintiff's rights and prior use of the KING ARTHUR trademark and with prior knowledge thereof, Defendant has willfully adopted and is willfully using a mark identical to Plaintiff's registered KING ARTHUR mark for and in connection with the offering for sale and distribution of identical services, namely disc jockey services, live performances, live music concerts, live disc jockey concerts and live artistic performances as well as music production services and production of musical sound recordings.

81.     Defendant's wrongful acts as alleged herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

82.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his business reputation and goodwill. Defendant will continue, unless restrained, to use a mark that is identical to Plaintiff's KING ARTHUR mark and will cause irreparable damage to Plaintiff, including diversion of customers, loss of sales and loss of profits. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an

injunction restraining Defendant, his officers, agents, and employees, and all persons acting on behalf of and/or in concert with Defendant, from engaging in further acts of trademark counterfeiting. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from his unlawful conduct.

83.     Plaintiff is further entitled to recover from Defendant the actual damages that Plaintiff has sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to suffer by reason of Defendant's acts of trademark counterfeiting.

84.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of his wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of his acts of trademark counterfeiting.

85.     Defendant's acts are willful and intentional, as Defendant knew of Plaintiff and his trademark since before the acts of infringement.

86.     Defendant is further liable to Plaintiff for statutory damages as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendant's illicit profits, and reasonable attorneys' fees as provided by 15 U.S.C. § 1117(b).

**<u>FIFTH CAUSE OF ACTION</u>**

**(Deceptive Trade Practice Under Florida Law - Fla. Stat. Ann. § 501.204)**

87.     Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

88.     Defendant has engaged in unfair and deceptive acts or practices by using a designation that is identical to Plaintiff's KING ARTHUR mark to promote, advertise, offer for sale, sell and/or distribute services in the state of Florida, thereby creating a likelihood of public confusion as to the source of Defendant's services.

89.     Defendant's actions have been willful, deliberate, and intended to benefit Defendant at Plaintiff's expense.

90.     Defendant's actions constitute deceptive trade practices in violation of Section 501.204 of the Florida Statutes.

91.     Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff unless preliminarily and permanently enjoined.

92.     Further, Defendant is realizing profit and will continue to realize a profit from his unlawful actions. Defendant's unlawful actions are causing and will cause Plaintiff monetary damage in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Misleading Advertisement Under Florida Law - Fla. Stat. Ann. § 817.41)

93.     Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

94.     Defendant is using and has used the term KING ARTHUR in connection with the advertising, marketing, offering for sale and sale of services that are identical to Plaintiff's services.

95.     Defendant is using and has used the term KING ARTHUR for such uses on social media such as Facebook, Instagram and Twitter and on his own social media pages.

96.    By misappropriating and using a designation that is identical to Plaintiff's KING ARTHUR mark, Defendant has falsely and misleadingly designated and/or falsely and misleadingly represented that the services he promotes, advertises, offers for sale, and/or sells under or in connection with the term KING ARTHUR originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff, which owns a federal registration for his KING ARTHUR trademark.

97.    Defendant's promotion, advertising, sale and/or offering for sale of his services is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade in Florida.

98.    At the time Defendant adopted and/or began using his KING ARTHUR name and mark for and in connection with the advertising, marketing, offering for sale and/or sale of his services, Defendant knew of Plaintiff and his use and ownership of the name and mark KING ARTHUR for and in connection with the advertising, marketing, offering for sale and/or sale of identical services.

99.    Defendant adopted and/or commenced use of the term KING ARTHUR and even though he knew that the term KING ARTHUR was already in use and/or owned by Plaintiff.

100.    Defendant's actions have been willful, deliberate, and intended to benefit Defendant at Plaintiff's expense.

101.    Defendant's actions constitute misleading advertising in violation of Section 817.41 of the Florida statutes.

102.    Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff unless preliminarily and permanently enjoined.

103.    Further, Defendant is realizing profit and will continue to realize a profit from his unlawful actions. Defendant's unlawful actions are causing and will cause Plaintiff monetary damage in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Unauthorized Use of Name or Likeness - Fla. Stat. Ann. § 540.08)

104.    Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

105.    The distinctive name and stage name KING ARTHUR and Plaintiff's persona and identity have significant commercial value, which has been developed by Plaintiff's longstanding and continuous use and advertisement.

106.    Defendant has unlawfully misappropriated and used the KING ARTHUR name and stage name and Plaintiff's persona and identity, in the State of Florida, in connection with the above-identified services to consumers being offered for sale and sold, in Florida, by Defendant without the consent of Plaintiff, for commercial and advertising purposes, in violation of section 540.008 of the Florida statutes.

107.    Additionally, Defendant had actual knowledge that he was using the KING ARTHUR name and stage name, and the persona and identity of Plaintiff without any right, license or permission in connection with the above-identified services being offered for sale. Accordingly, Defendant knowingly used and misappropriated the KING ARTHUR name in disregard for the rights and interests of Plaintiff in the KING ARTHUR name.

108.    Defendant's knowing misappropriation of the KING ARTHUR name demonstrates flagrant disregard for Plaintiff's interests therein and warrants the imposition of punitive damages against Defendant.

## **SEVENTH CAUSE OF ACTION**

### **(Violation of Right of Publicity – Florida Common Law)**

109.    Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

110.    The distinctive name and stage name KING ARTHUR and Plaintiff's persona and identity have significant commercial value, which has been developed by Plaintiff's longstanding and continuous use and advertisement.

111.    Defendant has unlawfully misappropriated and used the KING ARTHUR name and stage name and Plaintiff's persona and identity, in the State of Florida, in connection with the above-identified services to consumers being offered for sale and sold, in Florida, by Defendant without the consent of Plaintiff.

112.    Defendant's violations, misappropriation and use conferred an unfair benefit and advantage upon Defendant.

113.    Additionally, Defendant had actual knowledge that he was using the KING ARTHUR name and stage name, and the persona and identity of Plaintiff without any right, license or permission in connection with the above-identified services being offered for sale. Accordingly, Defendant knowingly used and misappropriated the KING ARTHUR name in disregard for the rights and interests of Plaintiff in the KING ARTHUR name.

114.    Defendant's knowing misappropriation of the KING ARTHUR name demonstrates flagrant disregard for Plaintiff's interests therein and warrants the imposition of punitive damages against Defendant.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests the court grant relief as follows:

1.      That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims alleged herein;

2.      That Defendant be adjudged to have infringed Plaintiff's rights in and to the latter's KING ARTHUR mark;

3.      That the Court render a final judgment declaring that Defendant has willfully violated the provisions of 15 U.S.C. §§ 1114 and 1125(a) and applicable state and common law;

4.      That Defendant be ordered to pay Plaintiff all damages Plaintiff has sustained by virtue of Defendant's actions as alleged herein;

5.      That, because of the exceptional nature of this case resulting from Defendant's actions, that the Court award Plaintiff treble damages, punitive damages, and/or his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, as well as pursuant to Florida Law;

6.      That, pursuant to 15 U.S.C. § 1116, the common law, and/or applicable state law, Defendant and his agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with him or them, be preliminarily and permanently enjoined from:

a)  Using the KING ARTHUR designation and any other mark confusingly similar to the KING ARTHUR trademark;

b)  Using in any manner any service mark, trademark, trade name, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof, which would imitate, resemble or suggest Plaintiff's mark;

c)  Otherwise infringing Plaintiff's KING ARTHUR trademark;

d)  Using, registering or reserving any mark, label, symbol or logo that is confusingly similar to the KING ARTHUR trademark;

e)  Using the name, likeness, persona or identity of Plaintiff or his professional name or stage name KING ARTHUR or any similar name which directly or indirectly refers, portrays, characterizes, conjures up images of, associates with or relates to Plaintiff; and

f)  Causing or abetting any third party to engage in any of the foregoing acts.

7.    That, pursuant to 15 U.S.C. § 1117, Defendant be ordered to pay to Plaintiff damages in an amount sufficient to fairly compensate Plaintiff for the injury he has sustained plus all profits that are attributable to the infringing sale of goods or services with the trademark described in this Complaint, as well as damages sustained; statutory damages as provided by 15 U.S.C. § 1117(c) of the Lanham Act; or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendant's illicit profits, and reasonable attorneys' fees as provided by 15 U.S.C. § 1117(b).

8.    That, pursuant to 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction all discs, marketing materials, advertisements, labels, signs, prints and all other materials in his possession or under his control that contain the mark KING ARTHUR, or any other name or mark that resembles the KING ARTHUR mark, or any other reproduction, copy or colorable imitation of the KING ARTHUR mark.

9.    That Defendant be ordered to provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay his ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendant complied with his legal obligations, or as equity requires;

10.    That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by applicable law;

11.    For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable by jury.

Respectfully submitted,

Dated: May 10 , 2019            /s/ James R. Menker                              

James R Menker (Florida Bar No. 0019306)
E-mail: eastdocket@holleymenker.com
**HOLLEY & MENKER, P.A.**
60 Ocean Boulevard, Suite 3
Atlantic Beach, Florida 32233
Telephone: 904.247.2620
Facsimile: 202.280.1177
Attorneys for Plaintiff Arturo Hernández aka "KING ARTHUR"

# <u>EXHIBIT A</u>

# United States of America

## United States Patent and Trademark Office

# KING ARTHUR

**Reg. No. 5,135,400**

**Registered Feb. 07, 2017**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Hernandez, Arturo (PUERTO RICO INDIVIDUAL)
550 Dunas St., Puerto Nuevo
San Juan, PRX 00920

CLASS 41: Entertainment services, namely, disc jockey services; Entertainment services, namely, live performances and personal appearances by a costumed character at private parties, exhibitions, concerts, and special events; Entertainment services, namely, televised appearances by a costumed character; entertainment services featuring live performances by an individual in a costume of a robot; live music concerts, live disc jockey concerts, and live artistic performances featuring an individual in a costume of a robot; entertainment services, namely, personal appearances by an entertainer; entertainment services, namely, live stage shows featuring an individual in a costume of a robot performing live disc jockey concerts; music production services; Entertainment services by a musical artist and producer, namely, musical composition for others and production of musical sound recordings

FIRST USE 11-23-2009; IN COMMERCE 11-23-2009

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-805,321, FILED 10-30-2015
ROBERT C CLARK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**Generated on:** This page was generated by TSDR on 2019-05-10 09:38:14 EDT

**Mark:** KING ARTHUR

# KING ARTHUR

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86805321 | **Application Filing Date:** | Oct. 30, 2015 |
| **US Registration Number:** | 5135400 | **Registration Date:** | Feb. 07, 2017 |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Feb. 07, 2017 | | |
| **Publication Date:** | Aug. 09, 2016 | | |

## Mark Information

**Mark Literal Elements:** KING ARTHUR

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Entertainment services, namely, disc jockey services; Entertainment services, namely, live performances and personal appearances by a costumed character at private parties, exhibitions, concerts, and special events; Entertainment services, namely, televised appearances by a costumed character; entertainment services featuring live performances by an individual in a costume of a robot; live music concerts, live disc jockey concerts, and live artistic performances featuring an individual in a costume of a robot; entertainment services, namely, personal appearances by an entertainer; entertainment services, namely, live stage shows featuring an individual in a costume of a robot performing live disc jockey concerts; music production services; Entertainment services by a musical artist and producer, namely, musical composition for others and production of musical sound recordings

| | | | |
|---|---|---|---|
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** | 100, 101, 107 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Nov. 23, 2009 | **Use in Commerce:** | Nov. 23, 2009 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** Hernandez, Arturo

| | |
|---|---|
| **Owner Address:** | 550 Dunas St., Puerto Nuevo<br>San Juan 00920<br>PUERTO RICO |
| **Legal Entity Type:** INDIVIDUAL | **Citizenship:** PUERTO RICO |

# Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Aileen E. Vázquez-Jiménez | **Docket Number:** | ARHE-0300 |
| **Attorney Primary Email Address:** | ip@hhoglund.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | AILEEN E. VÁZQUEZ-JIMÉNEZ<br>HOGLUND & PAMIAS, PSC<br>256 ELEANOR ROOSEVELT ST.<br>SAN JUAN, PUERTO RICO 00918<br>UNITED STATES |
| **Phone:** 787-772-9200 | **Fax:** 787-772-9533 |
| **Correspondent e-mail:** ip@hhoglund.com | **Correspondent e-mail Authorized:** Yes |

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Feb. 07, 2017 | REGISTERED-PRINCIPAL REGISTER | |
| Dec. 23, 2016 | EXTENSION OF TIME TO OPPOSE PROCESS - TERMINATED | |
| Sep. 05, 2016 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Aug. 09, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 09, 2016 | PUBLISHED FOR OPPOSITION | |
| Jul. 20, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 07, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 06, 2016 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Jul. 06, 2016 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jul. 06, 2016 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jul. 06, 2016 | EXAMINERS AMENDMENT -WRITTEN | 59500 |
| Feb. 24, 2016 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 24, 2016 | NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 24, 2016 | NON-FINAL ACTION WRITTEN | 59500 |
| Feb. 22, 2016 | ASSIGNED TO EXAMINER | 59500 |
| Nov. 04, 2015 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Nov. 03, 2015 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

### TM Staff Information - None

### File Location

| | |
|---|---|
| **Current Location:** PUBLICATION AND ISSUE SECTION | **Date in Location:** Feb. 07, 2017 |

# Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 1 |

### Type of Proceeding: Extension of Time

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 86805321 | **Filing Date:** | Dec 05, 2016 |
| **Status:** | Terminated | **Status Date:** | Dec 23, 2016 |

**Interlocutory Attorney:**

| Defendant | |
|---|---|
| **Name:** | Arturo Hernandez |
| **Correspondent Address:** | AILEEN E VÁZQUEZ JIMENEZ<br>HOGLUND & PAMIAS PSC<br>256 ELEANOR ROOSEVELT ST<br>SAN JUAN PR , 00918<br>UNITED STATES |
| **Correspondent e-mail:** | ip@hhoglund.com |

| Associated marks | | | |
|---|---|---|---|
| **Mark** | **Application Status** | **Serial Number** | **Registration Number** |
| KING ARTHUR | Registered | 86805321 | 5135400 |

| Potential Opposer(s) | |
|---|---|
| **Name:** | Christopher Jones |
| **Correspondent Address:** | CHRISTOPHER JONES<br>11879 PROMONTORY TRAIL<br>ZIONSVILLE IN , 46077<br>UNITED STATES |
| **Correspondent e-mail:** | djtopherjones@gmail.com , dustin@plus1management.com , kevin@plus1management.com |

| Prosecution History | | | |
|---|---|---|---|
| **Entry Number** | **History Text** | **Date** | **Due Date** |
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Sep 04, 2016 | |
| 2 | EXT GRANTED | Sep 07, 2016 | |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Dec 05, 2016 | |
| 4 | EXT DENIED | Dec 05, 2016 | |